UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
RALPH G. JOHNSON,                   )
                                    )   Civil Case No. C17-0706RSL
                 Plaintiff,         )
     v.                             )   ORDER GRANTING IN PART
                                    )   DEFENDANT WILEY'S MOTION TO
THE BOEING COMPANY, *et al.*,       )   DISMISS
                                    )
                 Defendant.         )
_____)

This matter comes before the Court on "Defendant Barbara Wiley's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)." Dkt. # 22. Plaintiff alleges that defendant Wiley lodged a false and retaliatory complaint of sexual harassment against him after he removed her from a lead position at Boeing. Plaintiff asserts claims of defamation (Count IX), intentional infliction of emotional distress (Count X), and negligent infliction of emotional distress (Count XI) against Wiley. Defendant seeks dismissal of all claims against her, arguing that they are barred by the applicable statutes of limitation and/or are insufficiently pled.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the

ORDER GRANTING IN PART DEFENDANT
WILEY'S MOTION TO DISMISS - 1

misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the complaint and the memoranda submitted by the parties, the Court finds as follows:

**A. DEFAMATION**

Plaintiff alleges that, on October 3, 2014, he learned that defendant Wiley "was communicating to other employees that Johnson groped her . . . ." Dkt. # 1 at ¶ 2.20. Although the exact date is not specified, Wiley subsequently filed a sexual harassment complaint against plaintiff. Plaintiff was demoted on or about March 26, 2015, in part as a result of the sexual harassment complaint. In Washington, defamation claims are subject to a two-year statute of limitations. RCW 4.16.100(1). This lawsuit was filed on May 5, 2017.

Plaintiff argues that his defamation claim is not time-barred because he could not have immediately known of the cause of his injuries and/or because equitable tolling applies. Under the discovery rule, the limitations period does not begin to run until plaintiff knew or, in the exercise of diligence, should have known the facts giving rise to the claim. Plaintiff relies on cases in which it was unclear when the claimant learned of the defamatory statements. In JM

Martinac Shipbuilding Corp. v. Wash., 363 Fed. Appx. 529, 531-32 (9th Cir. 2010), for example, the plaintiff suffered unexplained injuries but did not know that defendants' had made defamatory comments that caused those injuries. In Kittinger v. Boeing Co., 21 Wn. App. 484, 488 (1978), the plaintiff heard rumors that bad things were being said about him, but they were not specific enough to put plaintiff on notice that he had been defamed. In this case, in contrast, plaintiff alleges that he was aware that Wiley had publicly accused him of groping her in October 2014. While plaintiff characterizes this information as a rumor, he was specifically informed both of the statement and its content. If the statement were defamatory, plaintiff knew it at the time. If there were any doubt as to whether Wiley had made such statements, he had a duty to investigate and bring suit within the time allowed by law. In addition, the injuries arising from the sexual harassment accusation and their causal connection to Wiley's statements were also known more than two years before this lawsuit was filed. The discovery rule cannot save plaintiff's defamation claim.

Plaintiff argues that defendant Wiley has taken steps to conceal her defamatory statements, thereby justifying equitable tolling of the limitations period. As discussed above, however, plaintiff had actual knowledge that Wiley had accused him of sexual harassment in October 2014. Any subsequent concealment related to the confidentiality with which the complaints was treated by Boeing does not and should not stop the clock. Nor is there any indication that Wiley engaged in deception or gave false assurances that prevented plaintiff from timely filing his claim. The defamation claim is time-barred.[1]

---

[1] On the merits, defendant argues that the defamation claim fails because there was no "unprivileged communication to a third party." Eastwood v. Cascade Broadcasting Co., 106 Wn.2d 466, 470 (1986). Washington courts have held that intracorporate communications are not published for purposes of a defamation claim because the corporation is essentially communicating with itself. Doe v. Gonzaga Univ., 143 Wn.2d 687, 701 (2001), rev'd on other grounds, 536 U.S. 273 (2002). The privilege extends to otherwise defamatory statements shared with a co-worker who has "a common interest in the subject and is reasonably entitled to know the information." Pate v. Tyee Motor Inn., Inc., 77 Wn.2d

ORDER GRANTING IN PART DEFENDANT
WILEY'S MOTION TO DISMISS - 3

## B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The elements of the tort of outrage, or intentional infliction of emotional distress, are (1) extreme or outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress resulting from defendant's conduct. Robel v. Roundup Corp., 148 Wn.2d 35, 41 (2002). To be actionable, defendant's conduct must be "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Grimsby v. Samson, 85 Wn.2d 52, 59 (1975). The question whether certain conduct is sufficiently outrageous is ordinarily for the jury, but the Court must initially determine whether reasonable minds could differ on the issue. Dicomes v. State, 113 Wn.2d 612, 630 (1989). Plaintiff alleges that Wiley made knowingly false accusations of sexual harassment against him, that she intended to cause him emotional distress, and that the statements did, in fact, cause him "emotional and physical distress, psychological anxiety, depression, and physical illness." Dkt. # 1 at ¶¶ 3.43-3.45.

Similar allegations in Lawson v. Boeing Co., 58 Wn. App. 261 (1990), were found insufficiently extreme or outrageous to raise a question for the jury. In Lawson, female employees complained that their supervisor sexually harassed them, resulting in the supervisor's demotion. Lawson asserted that the complaining employees "deliberately, maliciously and outrageously lied about him," assertions that mirror plaintiff's allegations here and were taken as true at the summary judgment stage. Nevertheless, the state court found that the complaints did not reach the high threshold of outrageousness established in Grimsby. Id. at 270. The Court likewise finds that plaintiff's allegations, taken as true, do not state a viable claim of outrage.

---

819, 820-21 (1970). Intracorporate communications are not absolutely privileged, however. "[T]he privilege may be lost if the employee publishes a defamatory statement to a co-employee not in the ordinary course of his or her work or if the employee made a statement with actual malice." Armijo v. Yakima HMA, LLC, 868 F. Supp.2d 1129, 1139 (E.D. Wash. 2012). The allegations of the complaint raise a plausible inference that one or both exceptions may apply here.

**C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Defendant argues that an emotional distress claim based on the same conduct that gave rise to an unsuccessful defamation claim cannot survive as an independent cause of action. While there are cases that support that argument (Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1193 n.2 (9th Cir. 1988); Phillips v. World Pub. Co., 822 F. Supp.2d 1114, 1119-20 (W.D. Wash. 2011)), they all involved the dismissal of the defamation claim on the merits, with the implication being that plaintiff could not establish the underlying "extreme or outrageous conduct" or breach of duty. The defamation claim in this case was dismissed because it was not asserted in a timely manner, not because plaintiff cannot make out a viable cause of action. Defendant cites Eastwood v. Cascade Broadcasting Co., 106 Wn.2d 466 (1986), for the proposition that, if the underlying defamation claim is time barred, plaintiff should not be permitted to seek any recovery based on the same set of facts. Eastwood does not compel such a result. In that case, the Washington Supreme Court had to decide which statute of limitations applied to an invasion of privacy/false light claim. The court noted the significant overlap between the elements of the causes of action, the policy reasons for choosing a limitations period based on the kinds of injuries at issue and the speed with which they become apparent to the injured person, and the careful restrictions and limitations the courts had imposed on defamation claims over the years. It ultimately concluded that the "duplication inherent in false light and defamation claims" required that both claims share the same 2-year statute of limitations. Id. at 470-74. Emotional distress claims, on the other hand, have distinct elements, distinct injuries, and have long been subject to a 3-year limitations period. No court has curtailed the statute simply because the underlying conduct includes libelous or defamatory statements, and the Court declines to do so here.

A claim for negligent infliction of emotional distress, like all negligence-based claims, is tested against the established concepts of duty, breach, proximate cause, and damages. Hunsley

ORDER GRANTING IN PART DEFENDANT
WILEY'S MOTION TO DISMISS - 5

v. Giard, 87 Wn.2d 424, 434 (1976). Defendant argues that plaintiff has failed to allege facts giving rise to a plausible inference that she had a duty to refrain from causing plaintiff emotional distress and/or that he suffered cognizable damages. Washington courts generally agree that an employer has no duty to provide a stress-free workplace: dealing with workplace disputes and discipline will likely cause stress to the employees involved, and the employer is permitted to handle these matters without incurring liability under a negligence theory. Snyder v. Med. Serv. Corp. of E. Wash., 145 Wn.2d 233, 243-45 (2001) (citing with approval Bishop v. State, 77 Wn. App. 228, 234 (1995)). There is no absolute ban on claims for emotional distress that occur in the workplace, however. If an employer acts unreasonably in non-disciplinary matters, a workplace claim may survive a motion to dismiss. See Kumar v. Gate Gourmet Inc., 180 Wn.2d 481, 505-06 (2014) (employer's meal policy was arguably unreasonable when it posed a known risk to the employees' religious practices and emotional well-being that far outweighed the policy's utility to the company); Strong v. Terrell, 147 Wn. App. 376, 388-90 (2008) (supervisor's threatening actions and demeaning comments regarding employee's personal life were not in furtherance of legitimate, work-related issues); Chea v. Men's Wearhouse, Inc., 85 Wn. App. 405, (1997) (manager expressed frustration at a lost sale opportunity by grabbing employee by the lapels and cursing at him). In addition, defendant Wiley is not the employer and has not cited any case in which a person who failed to use reasonable care to avoid the inadvertent infliction of emotional distress was immune from suit simply because she worked with the plaintiff.

With regards to damages, a claim for negligent infliction of emotional distress will not succeed if it is based on unverified assertions of subjective pain or uncorroborated allegations of physical manifestations of stress/anxiety. Washington requires evidence of "objective symptomology" as a means of fending off fraudulent claims of distress. Hegel v. McMahon, 136 Wn.2d 122, 133 (1998). The symptoms alleged need not be physical in nature but, whether

ORDER GRANTING IN PART DEFENDANT
WILEY'S MOTION TO DISMISS - 6

physical or mental, "plaintiff's emotional distress must be susceptible to medical diagnosis and proved through medical evidence." Id. at 135. Plaintiff alleges that Wiley's negligence has caused him "emotional distress, psychological anxiety, depression, and physical illness." Dkt. # 1 at ¶ 3.49. At least some, if not all, of these alleged injuries are susceptible to medical diagnosis, which is all that is required at the pleading stage. Defendant's critique that plaintiff has failed to prove the alleged injuries is premature. See Kumar, 180 Wn.2d at 506 (reversing Rule 12(b)(6) dismissal to allow plaintiffs to develop objective evidence of their emotional harms); Corrigal v. Ball & Dodd Funeral Home, Inc., 89 Wn.2d 959, 962 (1978) (reversing Rule 12(b)(6) dismissal on ground that plaintiff may be able to prove that she suffered objective physical manifestations of her mental suffering such as weight loss, sleeplessness, and general deterioration of her physical well-being) .

For all of the foregoing reasons, defendant Wiley's motion to dismiss (Dkt. # 22) is GRANTED in part and DENIED in part. The defamation and intentional infliction of emotional distress claims against defendant Wiley are hereby DISMISSED. Plaintiff may proceed with his negligent infliction of emotional distress claim.

Dated this 7th day of November, 2017.

Robert S. Lasnik
United States District Judge