UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
RALPH G. JOHNSON,                   )
                                    )   Civil Case No. C17-0706RSL
                    Plaintiff,      )
        v.                          )   ORDER GRANTING IN PART
                                    )   DEFENDANT BOEING'S MOTION
THE BOEING COMPANY, *et al.*,       )   TO DISMISS
                                    )
                    Defendant.      )
_____)

This matter comes before the Court on "Defendant The Boeing Company's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)." Dkt. # 20. Plaintiff alleges that his employer retaliated against him for two safety complaints he made in 2013 by reducing his performance ratings, transferring him to a less desirable location and shift, and ultimately demoting him. Plaintiff also alleges that Boeing discriminated against him based on age, withheld wages in violation of RCW 49.52.050, and is responsible for an unsubstantiated sexual harassment claim lodged by one of its employees. Boeing seeks dismissal of the nine claims against it, arguing that they are insufficiently pled.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

ORDER GRANTING IN PART DEFENDANT
BOEING'S MOTION TO DISMISS - 1

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the complaint, the memoranda, and the ADR Resolution Form submitted by the parties,[1] the Court finds as follows:

**A. FALSE CLAIMS ACT - RETALIATION (COUNT I)**

In order to survive a motion to dismiss his claim of retaliation under the False Claims Act, plaintiff must raise a plausible inference that (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action. Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1065-66 (9th Cir.

---

[1] The Court has not considered the Declaration of Daniel McGivern (Dkt. # 21), but has considered the attached ADR Resolution Form (Dkt. # 21 at 4). In the context of a motion to dismiss, the Court may "take into account documents whose contents are alleged in a compliant and whose authenticity no party questions, but which are not physically attached to a plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation marks and alterations omitted). The ADR Resolution Form serves as the basis for plaintiff's wage and promissory estoppel claims and can be judicially noticed without converting defendant's motion to dismiss into a motion for summary judgment.

ORDER GRANTING IN PART DEFENDANT
BOEING'S MOTION TO DISMISS - 2

2003). Protected activity under the False Claims Act includes investigating and reporting conduct which the employee in good faith believes (and a reasonable employee in the same or similar circumstances might believe) constitutes fraud against the government. Moore v. Cal. Inst. of Tech. Jet Propulsion Lab., 275 F.3d 838, 845-46 (9th Cir. 2002). The anti-retaliation provision of the Act protects employees against discharge, demotion, suspension, threat, harassment, or any other discrimination in the terms and conditions of employment. 31 U.S.C. § 3730(h)(a). The Ninth Circuit applies its Title VII test for determining whether a particular employment action is sufficient to form the basis of a retaliation claim under the False Claims Act, namely whether the action "is reasonably likely to deter employees form engaging in protected activity." Id. at 847-48.

Plaintiff alleges that, in early 2013, he lodged an internal complaint regarding labor charging irregularities on a federal contract. His next quarterly evaluation was below what it had been prior to the complaint. In the summer of 2013, he lodged with Boeing and the Department of Defense another complaint regarding false certification of test valves for in-flight use in the same federal project. His January 2014 review was again worse than it had been. In March 2014, plaintiff was transferred from the day shift in Everett to the night shift in Seattle. The transfer was not requested, was announced by a long-time friend of one of the people about whom plaintiff had complained, was justified as an effort to allow plaintiff to "learn the business" for career development purposes, and was a hardship for plaintiff. In March 2015, plaintiff was removed from his management position at Boeing.

Boeing argues that there is no plausible causal connection between plaintiff's protected activities and the adverse employment actions. Assuming, as both parties do, that the causal connection analysis under the False Claims Act mirrors that used in Title VII lawsuits, the allegations of the complaint raise a plausible inference that his 2013 complaints played a motivating factor in the negative performance reviews and plaintiff's transfer to Seattle. Boeing

ORDER GRANTING IN PART DEFENDANT
BOEING'S MOTION TO DISMISS - 3

clearly knew about both complaints, there is a temporal connection between the complaints and the unexpected reduction in plaintiff's performance ratings, and no non-retaliatory explanation was provided for the negative evaluations. With regards to the transfer, Boeing knew that the transfer posed a hardship for plaintiff, the timing and sequence of complaints and escalating adverse employment actions is consistent with causation, and the justification Boeing provided for the transfer, given plaintiff's history with the company and the lack of follow through in Seattle, is less than convincing. The allegations do not, however, support a plausible inference that plaintiff's complaints regarding fraud in a federal contract were a motivating factor in his demotion. The events are separated by almost two years, and plaintiff does not allege any causal connection. Rather, plaintiff acknowledges Boeing's justifications for the demotion: that it "was due to him failing to follow Boeing protocol related to [a workplace accident] and for alleged improper retaliation against Defendant Wiley for filing a sexual harassment claim." Dkt. # 1 at ¶ 2.21. This aspect of plaintiff's retaliation claim is insufficiently pled.

**B. RETALIATION UNDER THE WLAD AND TITLE VII (COUNT II)**

A prima facie case of retaliation under the Washington Law of Discrimination ("WLAD") and Title VII of the Civil Rights Act of 1964 requires a showing that (1) plaintiff engaged in statutorily protected activity, (2) there was an adverse employment action, and (3) retaliation was causally connected to or a substantial factor motivating of the adverse action. Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1196-97 (9th Cir. 2003); Kahn v. Salerno, 90 Wn. App. 110, 128-29 (1998). An employee engages in protected activity under the WLAD and Title VII when he opposes employment practices forbidden by the statutes, such as race, color, national origin, or disability discrimination. Alonso v. Qwest Commc'ns Co., LLC, 178 Wn. App. 734, 754 (2013). Plaintiff's complaints to Boeing and the Department of Defense raised concerns regarding safety and/or potential fraud and may constitute protected activity under the False Claims Act. The complaints did not, however, involve discrimination on the

ORDER GRANTING IN PART DEFENDANT
BOEING'S MOTION TO DISMISS - 4

basis of a characteristic protected under the WLAD or Title VII, and plaintiff could not reasonably have believed that he was engaging in protected activity under those statutes. These claims are not adequately pled.

**C. AGE DISCRIMINATION UNDER THE WLAD AND THE ADEA (COUNT III)**

Although a prima facie case of age discrimination involves slightly different elements under the WLAD and the Age Discrimination in Employment Act ("ADEA"), plaintiff is generally required to show that: (1) he was over the age of 40; (2) he was performing his job satisfactorily; (3) he suffered an adverse employment action or was otherwise treated less favorably than younger employees; and (4) there was a causal link between his age and the adverse employment action. McElwain v. Boeing Co., 244 F. Supp.3d 1093, 1100-01 (W.D. Wash. 2017). Plaintiff alleges that he was over 40 years of age during all relevant periods, that he was satisfactorily performing his job based on pre-2013 performance evaluations, that he was demoted in 2015, and that Boeing considered his age when terminating his management position. The last allegation is based on "information and belief" (Dkt. # 1 at ¶ 3.14): no supporting facts are provided. In fact, plaintiff alleges alternative motivations for the demotion having nothing to do with his age. There is no indication that anyone involved in the decision to demote plaintiff made comments regarding his age, that his age was mentioned when he received notice that he was being removed from management, that a substantially younger employee took his position, or that a similarly-situated younger employee was treated more favorably.

In his opposition memorandum, plaintiff relies on speculation regarding Boeing's financial responsibility for cost overruns on a government contract and plaintiff's pay relative to that of other, unidentified employees to argue that he was demoted in order to reduce payroll costs. A claim of discrimination must be based on facts that give rise to a plausible inference of causation, however, not merely speculation or arguments of counsel. Plaintiff has alleged nothing more than that he is over the age of 40 and suffered an adverse employment action: there

are no facts to support the conclusory allegation of a causal connection.

**D. WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (COUNT IV)**

Plaintiff alleges that it is against public policy to retaliate against a whistleblower who exposes improper conduct related to taxpayer-funded Department of Defense projects and that his demotion from management was a "wrongful discharge" for purposes of a common law claim. The wrongful discharge against public policy tort is a recognized exception to the general principle that, absent a contract, employment in Washington is terminable at-will. Rose v. Anderson Hay and Grain Co., 184 Wn.2d 268, 275 (2015). It is axiomatic that a termination or discharge from employment be at issue: the "purpose of the tort is to prevent employers from utilizing the employee at-will doctrine to subvert public policy." Id. Allowing public policy challenges to lesser employment actions, such as the demotion at issue here, "would be opening a floodgate to frivolous litigation and substantially interfering with an employer's discretion to make personnel decisions." White v. State, 131 Wn.2d 1, 19 (1997). Plaintiff's wrongful discharge claim fails as a matter of law.

**E. WAGE CLAIM (COUNT V)**

Plaintiff alleges that Boeing agreed to pay five days' wages on or about September 14, 2015, but has wrongfully and wilfully withheld payment. Washington law compels payment of all wages the "employer is obligated to pay . . . by any statute, ordinance, or contract." RCW 49.52.050. Plaintiff relies on the agreement memorialized in an ADR Resolution Form to establish his contractual right to the wages at issue here.

A contract is formed if the parties objectively manifest their mutual assent to sufficiently definite terms that are supported by consideration. Keystone Land & Dev. Co. v. Xerox Corp., 152 Wn.2d 171, 177-78 (2004). Plaintiff alleges facts from which one could reasonably infer mutual assent to the three items stated on the ADR Resolution Form. But the form expressly states that the agreed-upon terms would not be implemented until Boeing's legal department

determined whether a formal agreement and release were necessary.[2] The Washington Supreme Court has found that similar statements evince a present intent *not* to be bound by the terms until the future negotiations are satisfactorily completed. Id., at 179 (citing Arcadian Phosphates, Inc. v. Arcadian Corp., 884 F.2d 69, 72 (2nd Cir. 1989)). See also Coleman v. St. Paul & Tacoma Lumber Co., 110 Wn. 259, 272 (1920) ("The question in such cases is, did the offerer mean to submit a proposition, or was he only settling the terms of an agreement on which he proposed to enter, after all its particulars are adjusted? . . . An agreement, to be finally settled, must comprise all the terms which the parties intended to introduce into the agreement and until the terms of a proposal are settled, the proposer is at liberty to retire from the bargain."). By its terms, the ADR Resolution Form was not an enforceable contract for wages.

**F. PROMISSORY ESTOPPEL (COUNT VI)**

Plaintiff argues that Boeing should be estopped from denying the existence of their promises to pay five days' wages, remove the corrective action memoranda from his file, and provide coaching and mentoring designed to move plaintiff back into a management position. There are five elements to a promissory estoppel claim in Washington: "(1) a promise, (2) that promisor should reasonably expect to cause the promisee to change his position, and (3) actually causes the promisee to change position, (4) justifiably relying on the promise, (5) in such manner that injustice can be avoided only by enforcement of the promise." McCormick v. Lake Wash. Sch. Dist., 99 Wn. App. 107, 117 (1999). "A promise is a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a

---

[2] Plaintiff argues that review by the legal department was not necessary because the terms of the settlement did not include compensation, but rather "a provision to return wages to Johnson that Boeing wrongfully withheld." Dkt. # 28 at 13. This argument is untenable. Legal consultation was triggered "if the parties reach an agreement . . . in which the employee receives any compensation . . . ." Dkt. # 21 at 4. The ADR Resolution Form clearly provides that plaintiff was to receive 40 hours straight time at his pay rate as of March 26, 2015. This award is, under any reasonable interpretation of the agreement, compensation.

ORDER GRANTING IN PART DEFENDANT
BOEING'S MOTION TO DISMISS - 7

commitment has been made." Restatement (Second) of Contracts § 2 (1981). For the reasons discussed above, the three terms on which the parties agreed were explicitly conditioned on further review by the legal department: plaintiff was not justified in understanding that a commitment had been made.

**G. NEGLIGENT SUPERVISION AND RETENTION (COUNTS VII AND VIII)**

To establish a claim of negligent supervision of an employee, plaintiff must prove that (1) the employee acted outside the scope of her employment; (2) the employee presented a risk of harm to others; (3) the employer knew, or in the exercise of reasonable care, should have known, that the employee presented such a risk; and (4) the employer's failure to adequately supervise the employee was the proximate cause of plaintiff's injury. McDaniels v. Group Health Co-Op, 57 F. Supp.3d 1300, 1317 (W.D. Wash. 2014); Niece v. Elmview Group Home, 131 Wn.2d 39, 51 (1997). A negligent retention claim is similar but involves the retention of an employee with knowledge that he or she is unfit for the position. Peck v. Siau, 65 Wn. App. 285, 288 (1992). Plaintiff alleges that defendant Barbara Wiley presented a risk of harm to others and was generally unfit as a Boeing employee because she was "heavy-handed, manipulative, and vindictive," had an "abrasive disposition" that drove subordinates off her team, and had a "history of making unsubstantiated allegations against other co-workers." Dkt. # 1 at ¶ 2.16, ¶ 3.30, and ¶ 3.34.

The Court will assume, for purposes of this motion, that plaintiff has raised a plausible inference that Wiley's reputation was or should have been known to the employer and that the failure to supervise or fire Wiley gave her the opportunity to lodge an unsubstantiated, vindictive harassment complaint against plaintiff. Plaintiff has not, however, alleged that Wiley acted outside the scope of her employment.[3] Plaintiff has not alleged that Wiley assaulted him in the

---

[3] A negligent supervision claim "describes the liability of an employer for conduct of an employee committed outside the scope of employment." Peck, 65 Wn. App. at 294. Comment a. to the

ORDER GRANTING IN PART DEFENDANT
BOEING'S MOTION TO DISMISS - 8

workplace, stole his wallet from his office, or otherwise engaged in some wrongful conduct that was unrelated to her employment. Rather, he alleges that Wiley made use of an employer-provided complaint and investigation process to resolve a conflict with her supervisor. Plaintiff ignores the work-related nature of the complaint or the employment policies that governed Wiley's action, simply asserting that a harassment complaint is outside the scope of employment if it is false. The issue is not whether Wiley's alleged conduct was wrongful, however, but whether it was within the scope of her employment. The forklift operator who recklessly injures a co-worker was not being paid to be reckless, but she was still acting within the scope of her duties with a tool provided by the employer on the employer's premises in furtherance of the employer's business. Wiley, for her part, followed corporate policies to initiated a complaint related to a workplace dispute: even if the use of the employer's policies were wrongful, the conduct was not outside the scope of her employment.[4]

## H. VICARIOUS LIABILITY (COUNT XII)

Boeing seeks dismissal of plaintiff's vicarious liability claim on the ground that the underlying claims against Wiley should be dismissed. Although the defamation and intentional infliction of emotional distress claims against Wiley were dismissed, the negligent infliction of emotional distress claim survives. Dkt. # 42. The vicarious liability claim against Boeing survives to the same extent.

---

Restatement (Second) of Torts § 317 (1965), which was adopted in Peck, explains that "[t]he rule stated in this Section is applicable only when the servant is acting outside the scope of his employment. If the servant is acting within the scope of his employment, the master may be vicariously liable under the principles of the law of Agency."

[4] In the context of a later claim, plaintiff affirmatively alleges that "Defendant Barbara Wiley had a duty to 'promptly report any illegal or unethical conduct to management.'" Dkt. # 1 at ¶ 3.51. This allegation precludes any inference that Wiley was acting outside the scope of her employment .

ORDER GRANTING IN PART DEFENDANT
BOEING'S MOTION TO DISMISS - 9

For all of the foregoing reasons, Boeing's motion to dismiss (Dkt. # 20) is GRANTED in part and DENIED in part. All claims other than the specified portions of the False Claims Act and vicarious liability claims are DISMISSED.

Dated this 13th day of November, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT
BOEING'S MOTION TO DISMISS - 10