# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

_____
RALPH G. JOHNSON,

               Plaintiff,

    v.

THE BOEING COMPANY, *et al.*,

               Defendant.
_____)

Civil Case No. C17-0706RSL

ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

This matter comes before the Court on "Plaintiff Ralph Johnson's Motion to Disqualify Morgan, Lewis & Bockius LLP from Concurrent Representation of Defendants Due to Conflicts of Interest." Dkt. # 24.[1] Plaintiff alleges, among other things, that his employer, defendant Boeing, is responsible for an unsubstantiated sexual harassment claim lodged against plaintiff by a co-worker, Barbara Wiley, who is also named as a defendant in this case. Morgan, Lewis & Bockius agreed to represent both defendants after evaluating the potential for conflicts, discussing the pros and cons of joint representation with both clients, and obtaining written consent to the joint representation. Plaintiff seeks to disqualify counsel under RPC 1.7, arguing

---

[1] Regardless whether plaintiff has constitutional standing to challenge counsel's joint representation of defendants in this matter, the Court will evaluate the matter as part of its obligation to manage the conduct of attorneys who appear before it. FMC Techs., Inc. v. Edwards, 420 F. Supp.2d 1153, 1156 (W.D. Wash. 2006).

ORDER DENYING PLAINTIFF'S
MOTION TO DISQUALIFY COUNSEL - 1

that there is a concurrent conflict of interests that is not waivable, and under RPC 1.6, arguing that the dual representation will compel the revelation of client confidences.

A concurrent conflict of interest between potential clients exists where "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client . . . ." RPC 1.7(a). Neither situation exists here. Boeing and Wiley's interests are not currently or directly adverse with respect to defending against plaintiff's claims. Their legal analysis of plaintiff's claims is aligned, and they have, in fact, successfully defended against most of plaintiff's claims. The negligent supervision and retention claims, which had the potential to create conflict if Boeing at some point advanced an argument that diverged from Wiley's interests, were recently dismissed. The remaining vicarious liability claim is based on allegations of an agency relationship, giving Boeing a peculiarly acute interest in Wiley's defense. Finally, there is no indication in the record or in the circumstances presented here that counsel will be unable to mount a full-throated and comprehensive defense on behalf of both clients.

With regards to RPC 1.6, clients pursuing a joint defense may consent to shared disclosures without violating this prohibition.

Plaintiff has not shown any factual risk of adversity, nor has he identified any case law that supports the application of RPC 1.7 or 1.6 in these circumstances. The motion to disqualify is DENIED.

Dated this 13th day of November, 2017.

_____
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION TO DISQUALIFY COUNSEL - 2